LEVOY, Respondent, v. FIRST NAT. BANK OF WETONKA, et al, Appellants.

(220 N. W. 142.)

(File No. 6216. Opinion filed June 30, 1928.)

*Campbell & Fletcher* and *Ezra L. Baker,* all of Aberdeen, for Appellants.

*Van Slyke & Agor,* of Aberdeen, for Respondent.

POLLEY, J. This action is brought to recover the value of a quantity of grain alleged to have been converted by defendants.

Plaintiff, being the owner of a tract of farm land, leased the same to one Fred C. Bain for the season of 1924. The lease was in writing, and was executed on the 18th day of February, 1924. Bain was to have three-fourths of the crop and plaintiff the other one-fourth, and was also to have a sufficient amount of Bain's share of the crop to pay plaintiff any sums of money that might be owing from Bain to plaintiff at the time of the division of the crop.

On the 24th day of January, 1924, and before Bain had leased plaintiff's land, or had any interest therein, he gave defendant First National Bank of Wetonka a chattel mortgage on his share of the crops to be grown on plaintiff's said land during the season of 1924 to secure an indebtedness he then owed the bank.

The lease contained the following provisions:

"Party of the first part (Bain) agrees to haul and deliver, or cause to be hauled and delivered, immediately after threshing, at his own expense all of the said grain raised on said premises (except such as he may wish to keep for seed or feed during the ensuing year) as follows: All grain to be put in granary or delivered at elevator or warehouse at Frederick, South Dakota, or on board the cars for shipment at option of second party (plaintiff). That upon a reasonable request, after the delivery of said grain, made by the first party, the second party will give and deliver to the first party on said farm, or wherever said grain may be hauled, three-fourths of all crops raised on said farm. * * *"

"It is further agreed that all sums, securities, notes, payments or agreements that shall be owing from the party of the first part to the party of the second part shall become due and payable at the time of the delivery and the division of the crops and produce of the herein described premises and shall be paid and settled at that time, anything to the contrary notwithstanding."

"It is understood and agreed that the second party may take, hold or sell enough of said crops, income or products that would on division have belonged to the first party, and to repay any and

all advances made to him by second party, and to compensate the second party for any damages sustained by it (plaintiff) by reason of any default under this agreement by the first party, and to repay all indebtedness due said second party from said first party, if any there be, together with 10% interest on each of said items from the time incurred until satisfied."

At the time of the execution of the lease, Bain was indebted to the plaintiff in the sum of $1,146.91.

After the grain was threshed, and on or about the 23d day of September, 1924, Bain, acting upon the direction of defendant First National Bank, and without the knowledge or consent of the plaintiff, hauled and delivered all of said grain to the defendant Farmers' Home Elevator Company of Frederick. Said elevator company then sold all of said grain, sent to plaintiff the proceeds of one-fourth thereof, retained and applied the proceeds of 310 bushels of wheat on an indebtedness due from Bain to said elevator company, and paid the balance to the defendant bank to be applied on its claim against Bain.

When plaintiff learned of the above transactions, he made demand upon defendants for the proceeds of said grain, and, upon their refusal to pay the same, commenced this action. In his complaint plaintiff asked for judgment for the value of the grain, less the amount he had already received, at its highest market price between the time of the alleged conversion and the trial of the action. The case was tried to the court, findings of fact, conclusions of law, and judgment were for plaintiff, and defendants appeal.

■ ■ Under the provisions of the lease above set out, the title to the grain to be raised by Bain was to remain in plaintiff until after the division thereof, and after plaintiff had been paid the amount then due him from Bain. Bain's interest until after the division of said crop was merely an equitable interest, and subject to a lien thereon in favor of the plaintiff for the amount he owed plaintiff. The disposition of the said crop as shown by the record was wrongful, and clearly a conversion of the said grain by the defendants, and plaintiff was entitled to judgment for the amount found to be due by the trial court.

Defendants base their right to the grain in question upon the proposition that plaintiff and Bain were tenants in common of the

92

grain, and that their mortgages attached to the crop to be grown under the terms of the lease so soon as the lease was executed. This proposition is completely negatived by the terms of the lease.

There is no dispute as to the facts in the case. The evidence is amply sufficient to support the findings and judgment, and the errors, if any, committed by the trial court are wholly immaterial.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur.
CAMPBELL, J., not sitting.